# STRAFFORD,

## DECEMBER TERM, A. D. 1845.

---

## HOWARD, Ex parte.

The power of reprieve is not included in the power of pardon granted by the constitution to the governor and council. It exists in the governor, as chief-executive magistrate.

The time designated by the court for executing a sentence of death is not a part of the sentence. It is simply an order prescribing the time when the sentence shall take effect.

A postponement of the time of execution by a reprieve, does not, therefore, affect the sentence. It remains to be enforced at the end of the period of respite, or by a new order, if no other disposition has been made of the case.

HABEAS CORPUS. On the 20th of September, 1843, Andrew Howard was arrested upon the warrant of a justice of the peace, charging him with the murder of Phebe Hanson.

At the January term of the court of common pleas, A. D. 1844, he was indicted by the grand jury.

He was tried at the January term, 1845, when the jury returned a verdict of murder in the first degree. Exceptions filed by his counsel were reserved by the presiding justice, and transferred to this court, which, at the last term, overruled the exceptions, and ordered that judgment be rendered on the verdict in the common pleas. *Ante* 171. At the August term of the common pleas, that court rendered judgment and passed sentence upon the prisoner, with an order for his execution in the com-

mon form, the record of which is in these words: namely, "The court do now adjudge the said Andrew Howard to be guilty of murder in the first degree, and dò sentence the said Andrew Howard to suffer death; and the court do further order that the sheriff of the said county of Strafford take the said Andrew Howard hence to the prison whence he came, and there safely keep him until Wednesday, the twelfth day of November, A. D. 1845, and that on that day, between the hours of ten of the clock in the forenoon and two of the clock in the afternoon, he take him thence to some place within the walls of the prison, 'or the prison yard, and cause the said Andrew Howard to be hanged by the neck until dead."

On the 8th day of November the governor issued an order, directed to the sheriff of this county, respiting or reprieving said Howard from the execution of the sentence "until Wednesday, the 8th day of July, 1846, *or until the pleasure of the legislature be made known.*"

On the 16th of December a writ of *habeas corpus* was issued by this court, on the application of Howard, to which the sheriff made due return, annexing copies of the *mittimus* of the justice, of the judgment of the common pleas, and of the reprieve of the governor; whereupon Howard's counsel moved for his discharge.

*Hale, J. Bell,* and *Christie,* for the petitioner.

PARKER, C. J. It is contended in substance that the judgment of the court in this case can no longer be executed at the time prescribed; that the time of execution cannot be extended by reprieve, and that, the time having passed, there can be no execution of the sentence.

The first question raised is respecting the power to reprieve. There is no express provision authorizing a reprieve in our constitution or statutes. The power of pardon is vested by the constitution in the governor and

council. By the common law, a reprieve may be granted by the judge who tries the case. The term reprieve "is derived from *reprendrè*, 'to keep back,' and signifies the withdrawing of the sentence for an interval of time, and operates in delay of execution. It is granted either by the favor of his majesty himself, or the judge before whom the prisoner is tried, on his behalf; or from the regular operation of law in circumstances which render an immediate execution inconsistent with humanity or justice." 1 Chit. Crim. Law 617 [757]; 4 Bl. Com. 394.

A power to reprieve is not necessarily included in the power to pardon. Courts cannot pardon. But it appears that a court may stay an execution, and might reprieve at common law. If any power of reprieve exists other than that vested in the court, it must be in the governor as chief executive magistrate, and is not included in the power of pardoning, which is to be exercised by the governor, with advice of the council.

It appears that there are reprieves *ex necessitate legis*. These are of such a character that the power cannot in all instances be exercised, and the reprieve granted by the court, which can act only when in session. The judge who presides has no power in vacation to exercise the authority of the court, and grant a reprieve.

But cases of insanity may occur after judgment, in vacation, and cases of pregnancy may appear afterwards. Neither of these may be good ground for pardon. The question comes to this, then, whether the administration of justice here is subject to the reproach that there is no power to stay execution of sentence in vacation, without a pardon.

We are of opinion that, there being a class of reprieves *ex necessitate legis*, the power exists *ex necessitate legis*, and that that power is vested in the governor. That opinion we expressed in Prescott's case, and the governor of that day, acting upon it, granted a reprieve. It is argued that

if this is so the governor may reprieve without limit. It is not necessary for us to consider how that is. The legislature may limit or take away the power.

If this reprieve were held to be an unwarrantable exercise of power by the governor, because not within the limits of the power, the prisoner could not be discharged. We do not therefore determine whether there is any irregularity in the form and manner of the respite or reprieve in this case. It is not necessary that there should be any conflict between the executive and judicial departments. If the reprieve is regular, it postpones the time of execution according to its terms. If it is irregular, the court might treat it accordingly; but it is not necessary to determine that, for, if it were entirely without authority, the only effect would be to require a new order for the execution of the sentence.

The judgment of the court consists of the sentence of death to be executed upon the prisoner. With it is an order designating the time when the sentence is to be carried into execution. The order is not, strictly speaking, a part of the judgment, although here usually entered with it. This is shown by the practice in some other States, where judgment is pronounced by the court, but the warrant for execution issues afterwards from the executive.

There may be a failure to execute the order at the time prescribed, from various causes: Providential occurrences, riots, willful default of the sheriff. Neither of these can operate as a pardon, or give the prisoner a right to be discharged. The sentence still remains in force. If it has been stayed by a reprieve, it is to be executed at the end of the time specified in the reprieve. A reprieve does not revise the judgment, or destroy the sentence.

If from these or any other causes the time prescribed for execution has passed, the court must make a new order, if no other disposition has been made of the case.

In this case, no hour is prescribed in the reprieve for the execution, but the execution of the sentence is delayed to a certain day, and if no other disposition of the prisoner is made within that time, the sentence is to be executed between the hours prescribed in the first order, on the day to which it is postponed. This is the operation of the reprieve, assuming it to be lawful. It postpones the execution.

It has been argued that there is no order to *keep* the prisoner ,beyond the day appointed in the sentence; but there is no necessity that such an order in terms should exist. The prisoner is in custody under sentence of death, the sheriff holds a warrant for his execution; this is sufficient to authorize him to *keep* him.

*Prisoner remanded.*